```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────
TORNIKE BARBAKADZE,
                                          25-cv-10182 (JGK)
                    Petitioner,
                                          MEMORANDUM OPINION
        - against -                       AND ORDER

BRYAN FLANAGAN, ET AL.,

                    Defendants.
───────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

On December 9, 2025, Petitioner Tornike Barbakadze ("Barbakadze") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and seeking his immediate release from ICE custody. See Pet. for Writ of Habeas Corpus ("Pet.") ¶ 2, ECF No. 1. Barbakadze alleges that he was arrested by ICE in Newark, New Jersey, on December 8, 2025. Id. ¶ 8. For the reasons explained below, the petition is **granted in part and denied in part**.

### I. Factual Background

Barbakadze is a citizen and native of the Republic of Georgia. Id. ¶ 3. On November 26, 2022, a Border Patrol agent encountered him in San Ysidro, California, and determined that he had unlawfully entered the United States from Mexico. See Form I-213, at 2, ECF No. 6-1, Ex. A. He was taken into custody and processed for removal proceedings. Pet. ¶ 3. On January 25,

2023, he was released on parole. See Form I-385, at 1-2, ECF No. 1-1, Ex. B.

On December 8, 2025, Barbakadze reported to 26 Federal Plaza in New York, New York, for a scheduled ICE appointment. See Form I-213, at 2. During that appointment, Barbakadze was taken into custody without explanation and was not afforded a hearing to support his continued detention. Id. On December 9, 2025, Barbakadze filed this petition with the assistance of counsel. See ECF No. 1.

## II. Discussion

The parties agree that the principal legal question presented by the petition is whether Barbakadze was detained pursuant to 8 U.S.C. § 1225(b)(2)(A) or, alternatively, pursuant to 8 U.S.C. § 1226(a). See Pet. ¶ 17-40; Gov't Resp. to Pet. ("Resp.") 2-3, ECF No. 6.

Section 1225(b)(2)(A) requires the detention of noncitizens "seeking admission" to the country, whereas § 1126(a) authorizes discretionary detention of noncitizens who are "already in the country." Jennings v. Rodriguez, 583 U.S. 281, 288-89 (2018). Detention under § 1225(b)(2)(A) permits only temporary parole "for urgent humanitarian reasons or significant public benefit," and does not provide for a bond hearing. Id. at 283. By contrast, under § 1226(a), the Attorney General "may release the alien on bond of at least $1,500 . . . or conditional parole," 8

2

U.S.C. § 1226(a), and the detainee may seek review of an initial custody determination, including bond, before an immigration judge, 8 C.F.R. § 1236.1(d)(1).

As the Government concedes, Resp. 2-3, this Court has already concluded in Romero Perez v. Francis, No. 25-cv-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025), and Wang v. Genalo, No. 25-cv-9460, 2025 WL 3471222 (S.D.N.Y. Dec. 3, 2025), that 8 U.S.C. § 1226(a) – not § 1225(b)(2)(A) – governs the detention of individuals arrested within the United States under circumstances materially similar to those presented here. See Romero Perez, 2025 WL 3110459, at *2-3; Wang, 2025 WL 3471222, at *1. The Court of Appeals for the Seventh Circuit has recently adopted the same reasoning, concluding that the Government is not likely to prevail on its argument that noncitizens already present in the United States and arrested without a warrant are subject to mandatory detention under § 1225. See Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, 2025 WL 3552514, at *8-10 (7th Cir. Dec. 11, 2025). Because the circumstances here parallel those in Romero Perez and Wang, Barbakadze's detention is governed by § 1226(a) and his detention requires a bond hearing, at which the Government bears the burden of showing, by clear and convincing evidence, that Barbakadze is a danger to the community or a risk of flight.

To the extent that Barbakadze requests immediate release before this Court, that request is denied. Barbakadze must first exhaust available remedies in his immigration proceedings. See Romero Perez, 2025 WL 3110459, at *3; Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (holding that § 2241 requires exhaustion of administrative remedies prior to filing a petition for habeas relief). While Barbakadze seeks immediate release, he makes no showing why exhaustion of administrative remedies is not required.

In prior petitions before this Court – Romero Perez and Wang – the Government complied with this Court's directives and immigration judges conducted bond hearings under § 1226(a), which resulted in the petitioners' release from custody. Accordingly, exhaustion in the immigration proceedings is required and not futile.

### III. CONCLUSION

For the foregoing reasons, the petition is **granted in part and denied in part**. The Government shall ensure that the petitioner receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of this Memorandum Opinion and Order; if no hearing is held by that deadline, the Government shall immediately release the petitioner. At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner

4

is a danger to the community or a risk of flight. The petition is **denied** insofar as it seeks immediate release. No other relief is necessary at this time.

    The Clerk is respectfully directed to close this case.

SO ORDERED.
Dated:    New York, New York
            December 23, 2025

                                              _____
                                                John G. Koeltl
                                          **United States District Judge**

is a danger to the community or a risk of flight. The petition is **denied** insofar as it seeks immediate release. No other relief is necessary at this time.

The Clerk is respectfully directed to close this case.

SO ORDERED.
Dated:    New York, New York
          December 23, 2025

_____
John G. Koeltl
**United States District Judge**